ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

FEB 1 5 2017

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.                                                          No. 4:16-CR-283-Y

JAMES VANBLARICUM (01)

## PLEA AGREEMENT WITH WAIVER OF APPEAL
Pursuant to Rule 11(c)(1)(C) Fed. R. Crim. P.

Defendant James VanBlaricm (VanBlaricum), the defendant's attorney, and the

United States of America ("the government"), agree as follows:

1.  **Rights of the defendant**: The defendant understands that he has the rights:

    a.   to plead not guilty;

    b.   to have a trial by jury;

    c.   to have his guilt proven beyond a reasonable doubt;

    d.   to confront and cross-examine witnesses and to call witnesses in his
         defense; and

    e.   against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**:  The defendant waives these rights and

pleads guilty to the offense alleged in Count One of the Indictment, charging a violation

of 18 U.S.C. § 1341, that is, mail fraud. The defendant understands the nature and

elements of the crime to which he is pleading guilty, and agrees that the factual resume

he has signed is true and will be submitted as evidence.

**Plea Agreement - Page 1**

3.     **Sentence**:  The maximum penalties the Court can impose include:

    a.    imprisonment for a period not to exceed twenty (20) years;

    b.    a fine of $250,000 or twice the pecuniary gain to the defendant or loss to the victims, or both such fine and imprisonment;

    c.    a term of supervised release of not more than three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;

    d.    a mandatory special assessment of $100;

    e.    as defendant is charged with a scheme to defraud, restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to the offense of conviction alone; and

    f.    forfeiture of property.

4.     **Sentencing guidelines**: Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties agree that the appropriate punishment in this case is a sentence not to exceed seven (7) years' confinement. If the Court accepts this plea agreement, this provision is binding on the Court. Other than the agreed maximum term of incarceration, the Court remains free to determine the sentence it deems appropriate, under the advisory United States Sentencing Guidelines.

5.     **Rejection of agreement**: Pursuant to Rule 11(c)(5), Fed. R. Crim. P., if the Court rejects this plea agreement, VanBlaricum will be allowed to withdraw his guilty plea. If VanBlaricum declines to withdraw his guilty plea, the disposition of the case may be less favorable than that contemplated by this agreement.  Additionally, if VanBlaricum

**Plea Agreement - Page 2**

withdraws his plea of guilty for any reason, the government reserves its right to bring additional charges in any venue where prosecution may be appropriate.

6.      **Restitution**: Pursuant to 18 U.S.C. § 3663(a)(1), (3) and § 3663A, VanBlaricum agrees to pay restitution for losses resulting from all of his criminal conduct involving the scheme to defraud described in the Indictment, and understands that restitution will not be limited to losses stemming from the offense of conviction alone. The actual amount of restitution shall be determined by the Court.

7.      **Mandatory special assessment**: Prior to sentencing, VanBlaricum agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

8.      **Defendant's cooperation**: VanBlaricum shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, VanBlaricum shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. VanBlaricum expressly authorizes the United States Attorney's Office to immediately obtain a credit report on his in order to evaluate his ability to satisfy any financial obligation imposed by the Court. VanBlaricum fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, VanBlaricum agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S.

**Plea Agreement - Page 3**

Attorney's Office from pursuing any other means by which to satisfy VanBlaricum's full and immediately enforceable financial obligation. VanBlaricum understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

9.    **Forfeiture**: VanBlaricum agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture pursuant to the plea of guilty, specifically the forfeiture of:

   a.    2011 Mercedes M-Class, VIN# 4JGBB5GB5BA726453 TX Plate DVW2698

   b.    2015 Kia Sportage, VIN# KNDPB3ACXF7731392, TX Plate FWP9345

   c.    2015 Kia Sportage VIN# KNDPB3AC1F7721754, TX Plate FWP9347

   d.    2014 Hyundai Sonata, VIN# 5NPEC4AC8EH818633, TX Plate CTZ7432

   e.    2015 Jeep Cherokee, VIN# 1C4PJMBSXFW513733, TX Plate FVH2621

   f.    2016 Ford Fusion, VIN# 3FAP0H79GR140667, TX Plate GZX6269

   g.    2012 Audi A6, VIN# WAUHGAFC0CN131908, TX Plate GMW3090

   h.    2014 Dodge Ram VIN# 1C6RR6KT0ES238103, TX Plate CWV3005

   i.    2008 BMW X5, VIN# 5UXFE43538L020469

   j.    2014 Dodge RAM truck, VIN# 1C6RR6FG2ES203883

   k.    Texas Energy Management surety bond paid to Oil and Gas Division of the Oklahoma Corporation Commission with check #501364818 in the amount of $25,000.00

l.   Texas Energy Management surety bond paid to Oklahoma Secretary of State with check #55017605 in the amount of $25,000.00

m.   Any interest owned, held, or otherwise possessed by Texas Energy Mutual LLC in Oil and Gas lease dated March 28, 2013 between Marilyn Jo Hamilton et vir, Lessor and Republic Resources, LLC, Lessee, covering the West 85.5 acres of 171 acres, part of the Ruth Mackey League, A-47, Bastrop County, TX, recorded in Book 2225, Page 418 of the Official Public Records of Bastrop County, TX

n.   Any interest owned, held, or otherwise possessed by Texas Energy Mutual LLC in Oil and Gas lease dated March 28, 2013 between Katherine L. Reader et vir, Lessor and Republic Resources, LLC, Lessee, covering the West 85.5 acres of 171 acres, part of the Ruth Mackey League, A-47, Bastrop County, TX, recorded in Book 2225, Page 425 of the Official Public Records of Bastrop County, TX; and

all proceeds from the following bank accounts:

a.   Frost Bank account XXXXX3731

b.   Frost Bank account XXXXX9455

c.   Frost Bank account XXXXX9463

d.   Frost Bank account XXXXX9471

e.   Frost Bank account XXXXX9544

f.   Frost Bank account XXXXX9552

g.   Chase Bank account XXXXXXXXXXX2747

h.   Chase Bank account XXXXXXXXXXX5435 (collectively, the "property").

VanBlaricum agrees that this property is subject to forfeiture under 21 U.S.C.

§ 853(a).  VanBlaricum consents to entry of any orders or declarations of forfeiture

regarding such property and waives any requirements (including notice of forfeiture) set

**Plea Agreement - Page 5**

out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal

Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure.

VanBlaricum agrees to provide truthful information and evidence necessary for

the government to affect the forfeiture of the property. VanBlaricum agrees to hold the

government, its officers, agents and employees harmless from any claims whatsoever in

connection with the seizure or forfeiture of the property.

10.    **Government's agreement**: If the court accepts the plea, the government will

not bring any additional charges against VanBlaricum based upon the conduct underlying

and related to VanBlaricum's plea of guilty. However, the government is free to bring

additional charges against VanBlaricum should the Court decide not to accept the plea

agreement as specified in this document. The government will file a Supplement in this

case, as is routinely done in every case, even though there may or may not be any

additional terms. This agreement is limited to the United States Attorney's Office for the

Northern District of Texas and does not bind any other federal, state, or local prosecuting

authorities, nor does it prohibit any civil or administrative proceeding against

VanBlaricum or any property.

11.    **Violation of agreement**: VanBlaricum understands that if he violates any

provision of this agreement, or if his guilty plea is vacated or withdrawn, the government

will be free from any obligations of the agreement and free to prosecute VanBlaricum for

all offenses of which it has knowledge. In such event, VanBlaricum waives any

objections based upon delay in prosecution. If the plea is vacated or withdrawn for any

**Plea Agreement - Page 6**

reason other than a finding that it was involuntary, VanBlaricum also waives objection to the use against his of any information or statements he has provided to the government, and any resulting leads.

12.     **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

13.     **Waiver of right to appeal or otherwise challenge sentence**: VanBlaricum waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. VanBlaricum, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel.

14.     **Representation of counsel**: VanBlaricum has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. VanBlaricum has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to his other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer,

**Plea Agreement - Page 7**

VanBlaricum has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

15. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

**[Remainder of page intentionally left blank]**

Plea Agreement - Page 8

AGREED TO AND SIGNED this _15th_ day of _February_ 2017.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
JAMES VANBLARICUM
Defendant

_____
DOUGLAS A. ALLEN
Assistant United States Attorney
801 Cherry Street, Unit #4
Burnett Plaza, Suite 1700
Fort Worth, Texas 76102-6897
Telephone: 817-252-5200
Facsimile: 817-252-5455

_____
DANIEL P. GARRIGAN
Attorney for Defendant

_____
ALEX LEWIS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     2 - 13 - 17
JAMES VANBLARICUM                    _____
Defendant                            Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____     2 - 13 - 17
DANIEL P. GARRIGAN                   _____
Attorney for Defendant               Date